IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLAYBOY ENTERPRISES           )
INTERNATIONAL, INC.,          )
                              )
            Plaintiff,        )
                              )
    v.                        )   No. 07 C 1111
                              )
3E TRADING, LLC,              )
                              )
            Defendant.        )

## MEMORANDUM ORDER

Upon this Court's return to chambers following a short period out of the country, it found among the filings that had accumulated in the interim a courtesy copy of the Answer by 3E Trading, LLC ("3E") to the Complaint brought against it by Playboy Enterprises International, Inc. ("Playboy"). This memorandum order is issued sua sponte to require 3E's counsel to cure some problematic aspects of that responsive pleading.

Although 3E's counsel is meticulous in adhering to the language of the second sentence of Fed. R. Civ. P. ("Rule") 8(b), required to obtain the benefit of a deemed denial of some allegations of Playboy's Complaint (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), as to certain of those disclaimed allegations 3E's counsel has given insufficient heed to the substantive requirements of such disclaimers. For example, in today's world there is no way in which 3E can state, in the objective good faith required of every party and lawyer under Rule 11(b), that

it lacks information sufficient to form a belief as to certain of the allegations in Complaint ¶5, or as to the bulk or all of the allegations in Complaint ¶¶6 and 7 (particularly given 3E's entry into the License Agreement described in Complaint ¶8). Additionally:

1. Unless this Court has missed something, it is unclear whether the Rule 8(b) disclaimer has any scope whatever in 3E's Answer ¶¶8 and 9.

2. It is also unclear just what is meant by 3E's denial of the allegations in Complaint ¶11. Does it claim that Complaint ¶11's statement of the provisions of the parties' License Agreements is inaccurate? If so, in what respect?

3. There seems no way in which 3E can deny the allegations in Complaint ¶15. If it wishes to deny that it violated the License Agreements it may do so, but it cannot deny the existence of Playboy's <u>demands</u>.

4. Much the same is true as to the purported denial of the allegations in Complaint ¶18.

This memorandum order will not go on to particularize all of the remaining deficiencies in 3E's Answer--deficiencies that also appear to permeate the balance of that pleading. Suffice it to say that responsive pleadings of the kind tendered by 3E's counsel tend to defeat the entire purpose of notice pleading.

Accordingly the existing Answer is stricken in its entirety, with leave of course being granted to file a self-contained Amended Answer on or before May 14, 2007.

No charge is to be made to 3E by its counsel for the added work and expense incurred in correcting counsel's errors. 3E's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2007